■ In the Matter of DE LEON MCEWEN, Appellant, v. KENNETH T. POWER et al., Constituting the Board of Elections, Respondents.— Order unanimously affirmed, without costs. Memorandum: Petitioner, De Leon McEwen, appeals from the denial by Special Term of an order to show cause in which he sought to have his name placed on the Democratic Party ballot for the June, 1972 primary as a candidate for the office of Assemblyman for the 131st Assembly District. The respondent Board of Elections rejected petitioner's designating petitions on the ground that he was not a duly enrolled voter of the Democratic Party at the time of filing as required by section 137 of the Election Law. Special Term agreed with this determination. ¶ In an affidavit attached to his designating petition, petitioner states: that he is a duly enrolled voter of the Democratic Party; that prior to the year 1969 and for many years he was so enrolled; that in 1969 petitioner changed his residence to 406 Sawyer Street, registered to vote, but did not re-enroll in the Democratic Party or any other political party; that petitioner subsequently moved to 140 Clintwood Drive, reregistered and again did not enroll; and that petitioner did actually enroll in the Democratic Party in December, 1971 upon his return to his former address at 406 Sawyer Street. However, in August, 1971 upon signing and filing an affidavit for transfer of enrollment from his prior address at 406 Sawyer Street to his then new residence at 140 Clintwood Drive, petitioner's sworn statement reveals that he was enrolled " blank ". In January, 1972 petitioner moved to his present address at 103 Prospect Street where he again reregistered at the Board of Elections and re-enrolled in the Democratic Party. ¶ Section 137 of the Election Law provides that no petition designating a person as a candidate for party nomination at a primary election shall be valid unless the person designated shall be an enrolled member of that party

at the time of the filing of the petition. Petitioner's contention that his December, 1971 enrollment qualified him as a candidate is incorrect. Section 137 of the Election Law must be read in conjunction with the other requirements contained in the statute (see, e.g., §§ 173, 187, 369, 385, 386). ¶ The Secretary of State, pursuant to section 354 (subd. 2) of the Election Law, designated October 2, 1971 as the final day for local registration in order to be eligible for participation in the June, 1972 primary. Thus, in order to be placed on the ballot as a candidate, petitioner had to be a duly enrolled voter of the Democratic Party prior to October 2, 1971. Petitioner was not timely enrolled. Ample procedures are set forth in the Election Law whereby petitioner could have revalidated his prior enrollment in the Democratic Party if he so chose (Election Law, §§ 173, 187, 369, 385, 386). However, petitioner permitted his enrollment to lapse when he changed residences and did not re-enroll in the Democratic Party or any other political party. Further, petitioner's transfer of enrollment, listing his party affiliation as "blank" in August, 1971, effectively canceled any previously valid enrollment that had been in existence (*Matter of Millet* v. *Meisser*, 17 N Y 2d 941; *Podgers* v. *Niagara County Bd. of Elections*, 59 Misc. 2d 896, affd. 32 A D 2d 877; cf. *Matter of Weber* v. *Power*, 30 A D 2d 670). (Appeal from order of Monroe Special Term denying motion to place name on primary ballot.) Present — Goldman, P. J., Marsh, Gabrielli, Cardamone and Henry, JJ. ¶ (Order entered May 26, 1972.)